UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINDI STEVENS,

    Plaintiff,

v.                                           Case No. 8:23-cv-2304-VMC-NHA

COSMIC STRANDS LLC,

    Defendant.
_____/

## **ORDER**

The Court grants Plaintiff's motion for entry of Clerk's default against Cosmic Strands LLC (Doc. 17).

## **Background**

Plaintiff Mindi Stevens sues Defendant Cosmic Strands LLC alleging violations of the Fair Labor Standards Act ("FSLA") pursuant to 29 U.S.C. § 201 *et. seq.* and for breach of contract under Florida common law. Doc. 1. Specifically, Ms. Stevens claims that Cosmic Strands failed to pay her a minimum wage and failed to pay her for work. *Id.*

On September 10, 2023, Ms. Stevens filed her original complaint against three Defendants: Cosmic Strands, Dilip Kumar, and Ashrant Malhotra. *Id.* Ms. Stevens alleges that, on October 13, 2023, she properly served Cosmic Strand's Registered Agent with the original complaint (Doc. 9), that Cosmic

Strands was required to respond by November 3, 2023, and Cosmic Strands failed to answer or otherwise respond to the suit. Doc. 17. Then, on December 4, 2023, Ms. Stevens filed her first motion for Clerk's default (Doc. 11) and she filed an amended complaint (Doc. 12). The lone difference between the amended complaint (Doc. 12) and original complaint (Doc. 1) was that Ms. Stevens removed Dilip Kumar and Ashrant Malhotra as Defendants. The amended complaint did not assert any new claims against Cosmic Strands. Doc. 12.

The Court denied Ms. Stevens' first motion for Clerk's default to allow Cosmic Strands the opportunity to respond to the amended complaint. Doc. 15. On February 5, 2024, Ms. Stevens filed a status report indicating that she had served the amended complaint via U.S. Mail on December 4, 2023 to Cosmic Strand's Registered Agent. Docs. 16 (citing Doc. 12, p. 10); 17, p. 2.

Ms. Stevens now files a second motion for Clerk's default, arguing that she properly served Cosmic Strands with the original complaint and the amended complaint, and that Cosmic Strands has failed to answer or otherwise respond to the suit; therefore, Cosmic Strands is in default. Doc. 17.

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

2

However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on United States corporations and partnerships, and applies to service on limited liability companies (LLCs). *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (applying 4(h) to an LLC). It provides that service may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

An LLC may also be served by following the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Pursuant to Delaware Statutes section 18-105, "[s]ervice of legal process upon any domestic limited liability company . . . shall be made by delivering a copy personally to any manager of the limited liability company in the State of Delaware, or the registered agent of the limited liability company in the State of Delaware, or by leaving it at the dwelling house or usual place of abode in

3

the State of Delaware of any such manager or registered agent." Del. Code Ann. tit. 6, § 18-105.

Federal Rule of Civil Procedure 5(a)(1)(b) requires pleadings filed after the original complaint to be served on every party. Pleadings filed after the original complaint are served by "mailing it to the person's last known address—in which service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(c).

Here, the return of service demonstrates that Ms. Stevens served Cosmic Strands on October 13, 2023 by serving a copy of the summons and original complaint to Brittney Williams, a Corporate Specialist at Incorp Services, Inc. Doc. 9. Records of the Delaware Department of State, Division of Corporations, confirm that Incorp. Services, Inc. is the registered agent of Cosmic Strands and was designated to receive service of process.[1] Thus, Ms. Stevens properly served Cosmic Strands with the original complaint in accordance with Rule 4. Plaintiff served the Amended Complaint on Cosmic Strands via U.S. Mail on December 4, 2023. Thus, Plaintiff properly served the Amended Complaint in accordance with Fed. R. Civ. P. 5(b)(2)(c).

---

[1] Records of the Delaware Department of State, Division of Corporations are available https://corp.delaware.gov/, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Cosmic Strands has not answered or otherwise demonstrated an intent to defend this suit, and the time to do so has expired. Fed. R. Civ. P. 12(a)(1)(A). It is, therefore, in default. *See* Fed. R. Civ. P. 55(a)(2).

Accordingly:

1. Plaintiff's motion for Clerk's default (Doc. 17) is GRANTED.

2. The Clerk is DIRECTED to enter default against Defendant Cosmic Strands LLC.

3. Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on March 25, 2024.

*signature*
NATALIE HIRT ADAMS
United States Magistrate Judge