UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINDI STEVENS,

Plaintiff,

v. Case No. 8:23-cv-2304-VMC-NHA

COSMIC STRANDS, LLC,

Defendant.
______________________________/

**ORDER**

This matter is before the Court on consideration of Plaintiff Mindi Stevens's Motion for Entry of Default Judgment against Defendant Cosmic Strands, LLC (Doc. # 35), filed on October 31, 2024. For the reasons set forth below, the Court grants the Motion.

## I. Background

Plaintiff Mindi Stevens brought this action against Defendant Cosmic Strands, LLC on October 10, 2023. (Doc. # 1). Ms. Stevens seeks damages under the Fair Labor Standards Act (the "FLSA") for minimum wages and overtime wages and, under Florida Common Law, for unpaid wages and breach of contract.

Ms. Stevens served Cosmic Strands on October 13, 2023, with Cosmic Strands's response due on November 3, 2023. (Doc.

# 9). Cosmic Strands failed to answer or otherwise respond to the complaint. Then, on December 4, 2023, Ms. Stevens filed both a motion for Clerk's default (Doc. # 11), and an amended complaint that removed Dilip Kumar and Ashrant Malhotra as Defendants. (Doc. # 12). Magistrate Judge Natalie Adams denied the motion for Clerk's default as moot because Cosmic Strands's time to respond to the amended complaint had not elapsed. (Doc. # 15). Cosmic Strands was served with the amended complaint on December 4, 2023, such that its response to the amended complaint was due December 26, 2023. (Doc. # 12 at 10).

After Cosmic Strands failed to appear or respond to the complaint, Ms. Stevens once again moved for Clerk's default on March 11, 2024. (Doc. # 17). The Clerk entered default on March 26, 2024. (Doc. # 19). Then, Ms. Stevens moved for default judgment on April 30, 2024. (Doc. # 21). This motion was referred to Magistrate Judge Adams (Doc. # 22), who then ordered Ms. Stevens to show cause regarding certain deficiencies in her amended complaint. (Doc. # 23). In response to that order, Ms. Stevens filed a motion to amend her complaint. (Doc. # 24). On July 3, 2024, Magistrate Judge Adams granted the motion to amend her complaint, and denied

without prejudice her motion for default judgment. (Doc. # 25).

Ms. Stevens filed her second amended complaint on July 12, 2024 (Doc. # 26), and served Cosmic Strands with the second amended complaint on August 5, 2024. (Doc. # 28). The second amended complaint is the operative complaint. After Cosmic Strands failed to respond, Ms. Stevens moved for entry of Clerk's default. (Doc. # 30). Clerk's default was entered on September 13, 2024. (Doc. # 32).

Ms. Stevens now moves for entry of default judgment in the amount of either $15,018.89 under the FLSA or $12,157.47 under Florida common law, including attorneys' fees and costs. (Doc. # 35 at 23). Ms. Stevens has established the following facts due to the operative complaint's well-pled factual allegations, and the entry of the Clerk's default.

Ms. Stevens contracted to work for Cosmic Strands as a proofreader at a rate of $2.00 per page. (Doc. # 26 at ¶ 20). She worked for Cosmic Strands on a full-time basis for five months, in which Cosmic Strands failed to pay her for her work in October and December of 2021. (Id. at ¶ 11). The work involved Cosmic Strands sending manuscripts from its offices in Delaware or India. (Id. at ¶ 10). In sending the manuscripts, Cosmic Strands also directed Ms. Stevens on her

work and created deadlines for its completion. (Id. at ¶ 11). Ms. Stevens then proofread and edited the manuscripts, which came from authors in Oklahoma, Connecticut, Ohio, and Maryland. (Id. at ¶ 10). At no time did Ms. Stevens engage in managerial work, employ other workers, or invest in equipment she did not already own. (Id. at ¶ 11). Cosmic Strands made over $500,000 per year in gross sales. (Id. at ¶ 15).

In her affidavit, Ms. Stevens attested that she worked 21 days in October 2021 and 23 days in December 2021. (Doc. # 35-1 at ¶ 10). Ms. Stevens claims to have worked 226.347 hours in October 2021 and 227.275 hours in December 2021. (Id. at ¶ 11). These hours include 55.567 overtime hours in October 2021 and 57.395 overtime hours in December 2021. (Id. at ¶ 13). During this time, Ms. Stevens completed $4,536.22 worth of work under the $2.00 per page agreement. (Id. at ¶ 8). Ms. Stevens attests that Cosmic Strands failed to pay her any wages for her work during these two months. (Id. at ¶ 5-6). Thus, Ms. Stevens seeks damages in the amount of $3,698.82 in unpaid wages under the FLSA and an equal amount in liquidated damages or $4,536.22 in unpaid wages under the contract, as well as attorneys' fees and costs in the amount of $7,621.25, and post-judgment interest. (Doc. # 35 at 23).

## II. Legal Standard

When a party fails to plead or defend against an action for affirmative relief, the Clerk must enter default against the party. Fed. R. Civ. P. 55(a). This default establishes the well-pleaded factual allegations of the plaintiff as true. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court may enter a default judgment where a defendant has failed to appear or defend after being properly served under Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). Further, the Court may only enter default judgment if the factual allegations in the pleadings provide sufficient legal basis. Nishimatsu, 515 F.2d at 1206.

In an FLSA proceeding, the employee must show sufficient evidence of damages to shift the burden of proof to the employer to then negate the damages or show evidence of the precise amount of work performed. McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988). When the employer has not produced evidence, the Court "may award approximate damages based on the employee's evidence." Id.

## III. Analysis

### A. Liability and Damages

Cosmic Strands's default serves to admit the well-pled allegations in the complaint. Nishimatsu, 515 F.2d at 1206. Thus, Cosmic Strands admits that it employed Ms. Stevens for five months, including the relevant period. Cosmic Strands also admits that it agreed to pay Ms. Stevens $2.00 per page of proofreading work during that time.

The FLSA requires employers to pay employees at least minimum wage for every hour worked in a pay period. 29 U.S.C. § 215(a)(2). "A plaintiff claiming unpaid wages under the FLSA must demonstrate the following: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce or that the defendant is an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff a minimum wage or overtime compensation." Thompson v. Healthy Home Envtl., LLC, No. 8:15-cv-2905-JDW-JSS, 2016 WL 4472991, at *2 (M.D. Fla. July 27, 2016) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)), report and recommendation adopted, No. 8:15-cv-2905-JDW-JSS, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016).

The allegations in the complaint are sufficient to demonstrate that Ms. Stevens was an employee of Cosmic Strands for the relevant period. Ms. Stevens alleges that she was employed by Cosmic Strands as a full-time employee at a rate of $2.00 per page and that defendant instructed her on how to perform her work. (Doc. # 26 at ¶ 11-12). Cosmic Strands admits to the allegations; thus, Ms. Stevens has sufficiently demonstrated that she was employed by Cosmic Strands under the FLSA.

An employee may establish coverage under the FLSA by demonstrating that she was engaged in commerce under individual coverage or that the employer was an enterprise in interstate commerce. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298-99 (11th Cir. 2011). To demonstrate that an employee was "engaged in commerce" for purposes of individual coverage, the employee must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

Ms. Stevens regularly received work from Delaware and India from Cosmic Strands and worked on manuscripts from authors throughout the country, including Connecticut, Ohio, and Maryland. The FLSA individual coverage applies to employees "doing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) 'among the several States or between any State and any place outside thereof.'" 29 C.F.R. § 77.610. Thus, Ms. Stevens is covered by the FLSA under individual coverage. When a Plaintiff has sufficiently alleged individual coverage under the FLSA, the Court need not consider whether she has established enterprise coverage. Taylor v. Premier Debt Sols., LLC, No. 6:12-cv-519-ACC-KRS, 2012 WL 4792641, at *3 (M.D. Fla. Sept. 20, 2012), report and recommendation adopted, No. 6:12-cv-519-ACC-KRS, 2012 WL 4792881 (M.D. Fla. Oct. 9, 2012).

Ms. Stevens alleges that Cosmic Strands failed to pay her for hours worked during October 2021 and December 2021. Cosmic Strands admits these allegations; thus, Ms. Stevens has sufficiently demonstrated that Cosmic Strands failed to pay her minimum wages and overtime compensation due under the FLSA. This Court finds that Ms. Stevens is entitled to default

judgment as to Cosmic Strands's liability for the FLSA minimum wage and overtime claims.

Under Rule 55(b)(2), the district court is typically required to hold an evidentiary hearing to determine the damages in a default award, unless the damages claimed are a liquidated sum or capable of mathematical calculation. S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir.1985)). However, when the employer has not shown an accurate and adequate record, the employee must provide sufficient evidence of the performance, amount, and extent of work improperly compensated "as a matter of just and reasonable inference" to satisfy the burden of proof and be awarded damages. Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999); McLaughlin, 697 F. Supp. at 450; Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946).

Here, Cosmic Strands has failed to produce records, and the Court finds that Ms. Stevens's declaration is sufficient evidence to show she worked 226.347 hours in October 2021 and 227.275 hours in December 2021, including 170.78 non-overtime hours in October 2021 and 169.88 non-overtime hours in December 2021. See Wallace v. Kiwi Group, Inc., 247 F.R.D.

679, 680 (M.D. Fla. 2008) (finding that when an employer defaults, a plaintiff's affidavit constitutes sufficient evidence to show the amount and extent of work performed for the purpose of calculating damages). The federal minimum wage for the relevant period was $7.25 per hour. Thus, Ms. Stevens is entitled to damages in the amount of $2,469.79 (340.66 hours multiplied by $7.25 per hour) in unpaid minimum wages under 29 U.S.C. § 206.

Under the FLSA, an employee is entitled to one and one-half times the regular rate at which she is employed for all hours over forty in a workweek. 29 U.S.C. § 206(a)(1). The allegations of liability under the FLSA's overtime wage provisions are sufficient and admitted because Cosmic Strands is in default. According to her affidavit, Ms. Stevens worked 55.567 overtime hours in October 2021 and 57.395 overtime hours in December 2021 for Cosmic Strands. The overtime rate for the $7.25 per hour minimum wage is $10.88 per hour. Thus, Ms. Stevens is entitled to damages in the amount of $1,229.03 (112.962 hours multiplied by $10.88 per hour) in unpaid overtime compensation under 29 U.S.C. § 206.

Furthermore, an employee is entitled to liquidated damages in equal amount to FLSA unpaid minimum wages and FLSA unpaid overtime compensation. Glanzrock v. Patriot Roofing

Indus., No. 8:07-cv-535-VMC-MAP, 2009 U.S. Dist. LEXIS 7219, at *5 (M.D. Fla. Jan. 26, 2009). "Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions." Id. (citing 29 U.S.C. § 206). Cosmic Strands's default serves to admit that it acted willfully in failing to pay Ms. Stevens minimum wages and provide overtime compensation. See Id. ("By failing to answer the complaint, Defendants admit that they acted willfully in failing to pay Plaintiff minimum wages for the hours in question."). Thus, Ms. Stevens is entitled to liquidated damages in the amount of $3,698.82 in unpaid minimum wages under the FLSA minimum wage and overtime compensation provisions.

As an alternative to the FLSA damage award, Ms. Stevens seeks damages for breach of contract under Florida Law. Ms. Stevens completed $4,536.22 worth of work under the agreement (2,268.11 pages proofread multiplied by $2.00 per page). Cosmic Strands thereby owes $4,536.22 in unpaid wages under the contract. However, a plaintiff is entitled to the greater amount of damages when both unpaid wages and unpaid minimum wage claims are made. McMahon-Renz v. Promark Data and Media Group, LLC, No. 9:10-CV-81547-WPD, 2011 WL 13319610, at *1

(S.D. Fla. Aug. 31, 2011), report and recommendation adopted sub nom. McMahon-Renz v. Promark Data and Media Group, LLC, No. 9:10-CV-81547-WPD, 2011 WL 13319093 (S.D. Fla. Sept. 22, 2011). Thus, Ms. Stevens is entitled to damages only under the FLSA claims in the total amount of $7,397.64.

**B. Attorneys' Fees and Costs**

In addition, Ms. Stevens seeks attorneys' fees in the amount of $6,895.00. In an FLSA enforcement proceeding, a plaintiff may be awarded reasonable attorney's fees. 29 U.S.C. § 216(b). A court may also award reasonable attorney's fees and costs to prevailing parties in a suit for unpaid wages under Florida Law. Fla. Stat. § 448.08 (2024). Ms. Stevens's counsel has filed an affidavit including a list of tasks performed, the attorney who performed the tasks, and the associated time to perform the tasks. (Doc. # 35-2). To determine reasonable attorney's fees, the Court must employ the lodestar approach. Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988). "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

Ms. Stevens's counsel seeks $6,895.00 in fees comprised of 15.7 hours at $350.00 per hour and 7 hours at $200.00 per

hour. The Court finds that the number of hours that Plaintiff's attorneys expended is reasonable. See Wallace, 247 F.R.D. at 685 (M.D. Fla. 2008) (approving 22.3 hours in a default judgment FLSA case); Hill v. Chequered Flag Auto Sales, Inc., No. 6:05-cv-1597-GKS-KRS, 2007 WL 710139, at *6 (M.D. Fla. Mar. 6, 2007) (approving 22.3 hours in an FLSA case).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. A fee applicant may produce direct evidence of rates charged under similar circumstances or provide opinion evidence rendered by an expert. Id. Here, Ms. Stevens's case was handled by two attorneys, Ashwin R. Trehan and Nicole S. Moser.

Attorney Trehan's affidavit references his practice of law in Florida for sixteen years, his specialization in labor and employment law, his handling of hundreds of labor and employment law matters, his typical rate of $400 per hour, and approval of his rate in a matter before this Court. (Doc. # 35-2). This court concludes that an hourly rate of $300 is reasonable for an attorney practicing for sixteen years. See Ciapara v. Newline W P Services, Inc., No. 6:22-CV-929-RBD-LHP, 2023 WL 5985783, at *9 (M.D. Fla. Aug. 15, 2023)

(approving an hourly rate of $400 for an attorney primarily practicing employment law for seventeen years in a default judgment FLSA case), report and recommendation adopted, No. 6:22-CV-929-RBD-LHP, 2023 WL 5983804 (M.D. Fla. Sept. 14, 2023).

Regarding Attorney Moser, Counsel has referenced her seven years of practice and specialization in employment law. Considering recent awards in FLSA cases in this District, the Court finds an hourly rate of $200 per hour in this matter appropriate and reasonable. See Hill, 2007 WL 710139, at *2-3 (finding an hourly rate of $150.00 appropriate for a four-year associate and $250 for an attorney practicing law for eight years); Drayton v. Avia Premier Care, LLC, No. 8:18-cv-2125-MSS-SPF, 2019 WL 2450933, at *2 (M.D. Fla. May 2, 2019) (recommending, in an FLSA case involving a default judgment, an hourly rate of $250 for an attorney with two years' experience), report and recommendation adopted, No. 8:18-cv-2125-MSS-SPF, 2019 WL 2492098 (M.D. Fla. June 14, 2019).

Accordingly, Ms. Stevens is entitled to attorneys' fees in the amount of $6,895.00 (15.7 hours at $350.00 per hour plus 7 hours at $200.00 per hour).

**C. Costs**

Ms. Stevens seeks $726.25 in costs. A plaintiff in an FLSA suit is entitled to reimbursement for the reasonable costs of the action. 29 U.S.C. § 216(b). Counsel has submitted an affidavit, invoices for the process server fees, and a receipt of the filing fee that support the award of $726.25 in costs. (Doc. ## 35-2, 35-3). These costs include $402.00 for the filing fee, $16.25 for postage, and $308.00 for the process server fees. (Id.). Thus, Ms. Stevens is entitled to reimbursement by Cosmic Strands in the amount of $726.25 for reasonable costs.

**D. Post-Judgment Interest**

Under the federal interest statute, interest is mandatory on any money judgment recovered in a district court. 28 U.S.C. § 1961. Furthermore, the interest is mandatory even where plaintiff fails to request the post-judgement interest. Am. Contractors Indem. Co. v. MD Constr. Services USA, Inc., No. 6:16-cv-00952-PGB-GJK, 2016 WL 11581679 (M.D. Fla. Dec. 8, 2016), report and recommendation adopted, No. 6:16-cv-00952-PGB-GJK, 2017 WL 11025405, at *4 (M.D. Fla. Jan. 4, 2017). Thus, Ms. Stevens is entitled to post-judgment interest.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Mindi Stevens's Motion for Entry of Default Judgment against Defendant Cosmic Strands, LLC (Doc. # 35) is **GRANTED**.

(2) Defendant Cosmic Strands, LLC is in default, and the factual allegations in the Second Amended Complaint (Doc. # 26) are deemed admitted by Cosmic Strands.

(3) Cosmic Strands is in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

(4) Cosmic Strands is in breach of its employment contract with Ms. Stevens.

The Clerk is directed to enter default judgment in favor of Plaintiff Mindi Stevens and against Defendant Cosmic Strands, LLC in the amount of $15,018.89, allocated as follows:

a. damages in the amount of $7,397.64;

b. attorneys' fees in the amount of $6,895.00;

c. costs in the amount of $726.25; and

d. post-judgment interest at the legal rate from the date of final judgment.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of March, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE